**SO ORDERED.**

**SIGNED June 27, 2013.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

HERBERT GEORGE BLISS,                     CASE NO. 12-51105

    Debtor                                Chapter 13

------------------------------------------------------------------
MEMORANDUM DECISION
------------------------------------------------------------------

The present matter before the court is an objection by the debtor, Herbert Bliss, to a proof of claim filed by the Lafayette Parish School Board, Sales and Use Tax Division (the "Parish"). The court took Bliss' claim objection under advisement. The court also continued the confirmation hearing on the Debtor's plan and the Trustee's motion to dismiss.

### BACKGROUND

Bliss filed for relief under Chapter 13 of the Bankruptcy Code on January 21, 2011. The Parish filed a proof of claim for unpaid

sales and use taxes, interest, penalties, and attorneys' fees totaling $72,793.71, and claimed the entire amount as a priority claim.  (Parish's Amended Proof of Claim 1-2.)  Bliss filed an objection to the Parish's proof of claim challenging the amount assessed by the Parish pursuant to an audit.  The Parish responded that its assessment was final and could not be challenged.  At the hearing, Bliss conceded the amount of the Parish's claim, but argued that the portion of the claim representing penalties and attorneys' fees are not subject to priority treatment under 11 U.S.C. § 507(a)(8).

## DISCUSSION

11 U.S.C. § 507(a)(8)(A) provides for priority treatment of the allowed unsecured claims of governmental units that represent taxes measured by gross income or gross receipts.  11 U.S.C. § 507(a)(8)(C) grants priority status to "a tax required to be collected or withheld for which the debtor is liable in whatever capacity."  The Parish claims that the entirety of its claim should be afforded priority treatment under these provisions.  The problem with this argument is that sections 507(a)(8)(A) and 507(a)(8)(C) apply only to taxes, and courts have generally held that penalties do not constitute "taxes" within the meaning of these provisions.  See <u>United States v. CF&I Fabricators of Utah, Inc</u>., 518 U.S. 213, 224 (1996) (noting that "a tax is a pecuniary burden laid upon

-2-

individuals or property for purposes of supporting the Government" while a penalty "is an exaction imposed by statute as punishment for an unlawful act."). In <u>CF&I Fabricators</u>, the Court concluded that a statutory provision requiring a payment to the IRS of 10% of a funding deficiency was a penalty, not a tax. <u>Id</u>. According to the Court, how an obligation is labeled in a statute does not control whether it is a tax or penalty. <u>Id</u>.

Turning to the Parish's proof of claim, the items challenged by Bliss are clearly identified as penalties and appear to be based on Bliss' failure to timely pay the taxes or to otherwise comply with applicable state law. <u>See</u> <u>State of Washington v. Hovan (In re Hovan)</u>, 96 F.3d 1255, 1258 (9th Cir. 1996) (noting that "a percentage-based penalty that makes no reference to specific costs indicates an intent to punish, rather than to compensate") Moreover, the attorneys' fees identified in the Parish's proof of claim are based on a flat percentage of Bliss' outstanding tax obligation without any reference to specific costs. Accordingly, the Parish cannot claim priority status for these items as taxes under sections 507(a)(8)(A) or 507(a)(8)(C).

Nor can the Parish rely on section 507(a)(8)(G), which provides priority status for "a penalty related to a claim of a kind specified in this paragraph [for purposes of this case, sections 507(a)(8)(A) and 507(a)(8)(C)] ***and in compensation for***

-3-

*actual loss*." 11 U.S.C. § 507(a)(8)(G) (emphasis added). As Bliss concedes, the interest claimed by the Parish would be subject to priority status under this provision because it is generally deemed compensatory in nature. See <u>Jones v. United States (In re Garcia)</u>, 955 F.2d 16, 19 (5th Cir. 1992); <u>Lincoln Savings Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Assoc.)</u>, 880 F2d 1540 (2d Cir. 1989). In contrast, the penalties listed in the Parish's proof of claim are not tied to any specific actual cost and appear to be computed from the amount of delinquent taxes as a sanction for Bliss' failure to comply with state law. These penalties are thus punitive in nature as opposed to compensatory penalties subject to priority status under section 507(a)(8)(G). Similarly, the attorney fees requested by the Parish are based on a flat percentage of Bliss' tax obligation and are not tied to any specific costs incurred by the Parish. See <u>Hovan</u>, 96 F.3d at 1258. Accordingly, the penalties and attorneys' fee portion of the Parish's claim are not subject to priority status.

**CONCLUSION**

The court **SUSTAINS** Bliss' objection to the Parish's Proof of Claim 1-2 with respect to the priority status of attorneys' fees and penalties included in the Parish's proof of claim. The court, however, will re-set this objection for an additional hearing on the amount of the penalties and attorneys' fees subject to the

-4-

court's ruling in light of the suggestion by Bliss' counsel that some non-compensatory penalties incurred within the three-year period prior to bankruptcy should be afforded priority treatment.[1] In this regard, counsel cited 11 U.S.C. § 523(a)(7) dealing with non-dischargeability. Bliss did not address this issue in his written objection, but briefly stated his position during oral argument. The court will re-set this objection, the hearing on Bliss' plan, and the Trustee's motion to dismiss for **July 17, 2013 at 8:30 a.m.**

###

---

[1] The Parish's proof of claim appears to include $10,413.54 in penalties and $6,617.61 in attorney fees.

-5-